**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

| | | |
|---|---|---|
| **John Hancock Holt,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **1:10cv1439 (AJT/JFA)** |
| | ) | |
| **Harold Clarke,** | ) | |
| **Respondent.** | ) | |

NOV — 7 2011

MEMORANDUM OPINION

John Hancock Holt, a Virginia inmate proceeding pro se, has filed a petition for a writ of

habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his conviction of two counts

of rape after a bench trial in the Circuit Court for Charles City County, Virginia. On April 13, 2011,

respondent filed a Motion to Dismiss and Rule 5 Answer. Holt was given the opportunity to file

responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and has filed

a response. For the reasons that follow, Holt's claims must be dismissed.

I.

On December 2, 2005 the Circuit Court for Charles City County, Virginia, sitting without

a jury, convicted petitioner of two counts of rape. Commonwealth v. Holt, Nos. CR05000038-00;

CR0500003801. On March 10, 2006, the trial court sentenced petitioner to one hundred years in

prison, with seventy-five years suspended. Id. The per curiam order issued by the Court of Appeals

of Virginia denying Holt's petition for appeal on direct review reflects the following underlying

facts:

> John H. Holt was A.J.'s fourth-grade teacher during the 2001-2002
> school year. Holt was "really nice," A.J. testified, and urged her to
> confide in him about her family problems. Soon, Holt began
> touching her between her legs and on her chest. On a Saturday

afternoon in July of 2002, A.J. returned from a football game and was home alone. Anticipating that her mother's friend would be coming by to check on her, A.J. answered a knock at the door. It was Holt. He came in and engaged in small talk with A.J. Then he threw her onto the couch, pulled off her pants, and forced her to have sexual intercourse with him. A.J. testified that she tried to scream but nothing came out. When she began to yell, Holt left and told her not to tell anyone. They would not believe her, Holt warned, as she was just a kid and he was an "outstanding teacher." A.J. told no one.

In August of 2003, Holt, his wife, and children were supposed to go to A.J.'s house to watch after her while her mother was away. Holt came alone. Acting normally at first, Holt then chased A.J. to her bedroom where he forced her to have sexual intercourse and oral sex. He repeated his earlier warnings not to tell anyone about the incident.

A.J. finally told her mother in a seven-page letter describing Holt's actions. The police were contacted, and Investigator Crawley arranged to record some telephone conversations between Holt and A.J. During one conversation, Crawley heard Holt ask A.J. what color underwear she was wearing. He then told her to "play with her private parts and think about him" while she was in the shower. Due to malfunctioning equipment, this conversation was not recorded. In a final conversation, however, Crawley recorded a phone call between Holt and A.J. Holt made repeated references to A.J. keeping "a promise." He told her about recent news of a 70-year-old nun who had been put in jail on molestation charges taking place 25-30 years ago. But, "you don't break promises," Holt told A.J.

The conversation also referred to the "shower thing." A.J. testified that this referred to an incident in York County when she had gone to Holt's house to play with his daughter, a friend. While getting ready for bed, A.J. testified, she was showering in the master bedroom. Holt came into the shower and "forced sexual intercourse" with her. Holt objected to this testimony arguing it was evidence of "uncharged criminal conduct in another jurisdiction." The Commonwealth responded that it was relevant to explain the continued relationship between Holt and A.J. from 2001 until 2003. The trial judge overruled Holt's objection and allowed the testimony for the "limited purpose" of explaining the telephone conversation and showing a continuing course of conduct. The judge noted he would not accept the testimony "as proof that something that happened in York . . . is proof of a rape that occurred in Charles City."

> The Commonwealth presented the testimony of A.J., her mother, and Investigator Crawley.   The court heard the taped telephone conversation between Holt and A.J. Holt testified and denied any wrongdoing. Holt admitted that it was his voice on the tape speaking to A.J. but stated that he did not recall the conversation. He did recall asking A.J. about a "promise," however, but that was in reference to a driving incident. Holt explained that one time when he was driving his daughter and A.J., he had slammed on the breaks and A.J. became hysterical.  Not wanting to alarm A.J.'s mother, Holt made A.J. promise not to tell anyone. Holt did not "recall a conversation" about a nun.  He was taking pain relievers for his broken arm and had consumed alcohol, Holt told the judge, and did not remember any of the telephone conversation with A.J.

> \* \* \*

> The trial judge found Holt's explanation "flies in the face of reason." Although there were conflicts in the testimony, the judge stated, "there's absolutely no question in my mind that John Holt, in this county, did commit sexual intercourse with a child under 13 on the two dates in question."

Holt v. Commonwealth, R. No. 0819-06-2 (Va. Ct. App. Oct. 31, 2006).

Holt pursued a direct appeal to the Court of Appeals of Virginia, raising claims that: (1) the evidence was insufficient to prove that he committed rape and (2) the trial court erred by allowing evidence of prior unadjudicated facts for which the petitioner had not been tried or adjudicated. Id. By per curiam Order, the Court of Appeals refused the petition for appeal on October 31, 2006. Id. Holt then filed a petition of appeal in the Supreme Court of Virginia, which was dismissed on January 24, 2007, pursuant to Virginia Supreme Court Rule 5:14(a) because the notice of appeal was not timely filed in the Court of Appeals of Virginia.

Through a writ of habeas corpus in the Virginia Supreme Court, Holt obtained leave to seek a delayed appeal from the Court of Appeals of Virginia to the Virginia Supreme Court. R. No. 070666. Holt v. Warden, R. No. 070666.  By Order dated April 2, 2008 the Supreme Court of

3

Virginia dismissed the petition for appeal. Holt v. Commonwealth, R. No. 072454. Petitioner then filed a petition for writ of habeas corpus in the Virginia Supreme Court seeking leave to file a belated appeal from the judgment of the Court of Appeals of Virginia. By Order dated September 25, 2008 the Virginia Supreme Court granted petitioner leave to file a delayed appeal to that court from the judgment of the Court of Appeals. Holt v. Warden, R. No. 80763. The petitioner then filed a petition for appeal to the Virginia Supreme Court from the judgment of the Court of Appeals. The petition was refused on July 9, 2009. Holt v. Commonwealth, R. No. 82312.

Petitioner filed a writ of habeas corpus on November 17, 2009 in the Supreme Court of Virginia, raising essentially the same claims he raises in his instant federal habeas petition. On August 4, 2010, the Virginia Supreme Court denied and dismissed the petition. Holt v. Dir. Dep't Corrections, R. No. 092460 (Va. July 9, 2009).

Holt filed the instant federal habeas petition[1] on December 9, 2010, raising the following claims:

> 1.   Counsel failed to subpoena true and complete telephone records from Cox Communications for the period of September, 2002 through October 2004. Cox Communications retains such records for only 36 months. The records would have demonstrated that the victim telephoned the petitioner, rather than vice versa. Essential exculpatory evidence was destroyed due to counsel's ineffective assistance.
>
> 2.   Counsel failed to research the exact date on which the Charles City County little league football team began practices and had its first home game in 2002.

---

[1] A pleading submitted by an unrepresented prisoner is deemed filed when the prisoner delivers the pleading to prison officials for mailing. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). Here, Holt certified that he placed his petition into the prison mailing system on December 9, 2010. Pet. at 42, ECF No. 1.

Counsel should have contacted the head coach to obtain such information, which would have undermined the victim's testimony. The coach would have testified that practices began after August 1, 2002, and the first home game was held after Labor Day, in September 2002.

3.  Counsel disregarded specific requests from the petitioner to re-contact potential witnesses after counsel telephoned such witnesses only once. The witnesses would have discredited the victim's personality and character.

4.  Counsel failed, prior to trial, to interview colleagues, supervisors, parents of students, and former students. Their testimony would have provided the trial court with the true character of the petitioner's professionalism and ethical teaching standards. The testimony would have shown the fact finder that the petitioner's character as portrayed by the victim was not true. It would have assisted the fact finder with determining guilt or innocence.

5.  Counsel failed to investigate the circumstances surrounding Investigator Crawley's telephone call to the petitioner during which the petitioner attempted to invoke his 6th Amendment right to counsel. When the petitioner asked Crawley if he needed a lawyer, Crawley said he did not.

6.  Counsel failed to investigate the manner in which Investigator Crawley blatantly ignored the petitioner's 5th Amendment right to <u>Miranda</u> warnings and 6th Amendment right to have counsel present when Crawley engaged in custodial interrogation.

7.  Counsel failed to investigate Crawley's actions at the sheriff's office after the petitioner had attempted to invoke his right to counsel during Crawley's telephone call. Crawley interrogated the petitioner for over three hours and even accompanied the petitioner, who was not then under arrest, to the restroom where Crawley maintained visual contact while the

5

petitioner used the toilet.

8.     Counsel failed to investigate the illegal wiretap initiated by the investigator at the direction of the Commonwealth Attorney.

9.     Counsel failed to enter into evidence, through direct questioning of the petitioner or cross-examination of the complaining witness or other Commonwealth witnesses, evidence that the first time the petitioner visited the complaining witness' home was a cookout in September, 2002, following a football game.

10.    Counsel failed to question the petitioner on direct examination, or the victim in cross-examination, regarding the schematics of the petitioner's home in York County.

11.    Counsel failed to question the petitioner or his witnesses on direct examination regarding where in the house petitioner, his wife, and his four children were located when the family and the victim arrived at the home after a visit to Water Country, U.S.A.

12.    Counsel failed to question the petitioner's daughter on direct examination, or the victim on cross-examination, concerning the details of the ride in the van during which the victim rode with petitioner and his family to Water Country U.S.A., particularly that an abrupt stop of the van was the basis of the "promise" about which the petitioner spoke in the telephone conversation with the victim.

13.    Counsel failed to question M. Holt at trial, or call N. Marakos to testify, about the obsessive telephone calling by the victim to the petitioner's home during the pertinent time period of September, 2002, to October, 2004.

14.    Counsel recklessly failed to object to the blatantly inconsistent and conflicting testimony of the victim and her mother concerning the second offense and other matters throughout the trial.

15.  Counsel failed to object to Investigator Crawley's testimony concerning information he gleaned from the custodial interrogation of the petitioner, which occurred without Miranda warnings or the presence of counsel.

16.  Counsel failed to object to evidence that was obtained by the investigator through an illegal wiretap.

17.  Counsel failed to call crucial alibi witnesses N. Marakos, and the petitioner's daughter, who would have supported the petitioner's alibi for the time frame of July, 2002.

18.  Counsel failed during closing arguments to emphasize the critical information from the report of the medical examination of the victim.

On April 13, 2011, respondent filed a Motion to Dismiss and Rule 5 Answer. (Docket # # 10, 11). Holt filed a response in opposition on May 6, 2011. (Docket # 14). Based on the pleadings and record before this Court, it is uncontested that Holt exhausted all of his claims[1] as required under 28 U.S.C. § 2254,[2] therefore this matter is now ripe for review on the merits.

---

[1] Although petitioner raised each of his current claims in his state habeas petition, he alleges new facts in support of some of his current claims. In order to meet the exhaustion requirement, a petitioner "must have presented to the state court 'both the operative facts and the controlling legal principles." Kasi v. Angelone, 300 F.3d 487, 501-02 (4th Cir. 2002). Facts not presented to the state court cannot be considered by a federal court. See Cullen v. Pinholster, 131 U.S. 1388, 1399 (2011) ("It would be strange to ask federal courts to analyze whether a state court's adjudication resulted in a decision that unreasonably applied federal law to facts not before the state court."). Thus, in this case, the Court declines to consider any new facts alleged by the petitioner in support of his claims.

[2] Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state court. See 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982); Preiser v. Rodriguez, 411 U.S. 475 (1973). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, a petitioner convicted in Virginia must first have presented the same factual and legal claims raised in his § 2254 application to the Supreme Court of Virginia on direct appeal, or in a state habeas corpus petition. See, e.g., Duncan

## II.

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudication was contrary to, or an unreasonable application of, clearly established federal law, or are based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs a foul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id, at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410.

## III.

In all of his claims before this Court, petitioner argues that he received ineffective assistance of counsel for various reasons. To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an

---

v. Henry, 513 U.S. 364 (1995).

objective standard of reasonableness" id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." Id. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also, Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (reviewing court "must be highly deferential in scrutinizing [counsel's] performance and must filter the distorting effects of hindsight from [its] analysis"); Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that challenged acts are likely the result of sound trial strategy.").

To satisfy Strickland's prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; accord, Lovitt v. True, 403 F.3d 171, 181 (4th Cir. 2005). The burden is on the petitioner to establish not merely that counsel's errors created the possibility of prejudice, but rather "that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." Murray v. Carrier, 477 U.S. 478, 494 (1986) (citations omitted, emphasis original). The two prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." Spencer, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. Quesinberry v. Taylore, 162 F.3d 273, 278 (4th Cir. 1998).

A. Claim 1

In his first claim before this Court, Holt argues that he received ineffective assistance of trial

counsel because his attorney failed to subpoena telephone records from Cox Communications for the period of September 2002 through October 2004, which would have proved that the victim telephoned the petitioner rather than vice versa. When Holt made this same claim in his application for habeas relief to the Virginia Supreme Court, the court found that the claim satisfied neither the "performance" nor the "prejudice" prong of the two-part standard enunciated in <u>Strickland</u>. The court explained:

> [E]ven if counsel obtained such telephone records, the issue of whether the petitioner called the victim or the victim called petitioner was not significant. The victim's intentions were not relevant because, as a matter of law, the victim who was a child could not consent to sexual intercourse. Moreover, petitioner's wife and child testified that the victim often called the petitioner's home. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged error, the result of the proceeding would have been different.

<u>Holt v. Dir. Dep't. Corr.</u>, R. No. 092460 (Va. Aug. 4, 2010).

Under these circumstances, the quoted determination by the Virginia Supreme Court was factually reasonable and was not contrary to, nor an unreasonable application of, the controlling federal law upon which it expressly relied. <u>Strickland</u>, 466 U.S. at 687. Therefore, the same result must pertain here, <u>Williams</u>, 529 U.S. at 412, and habeas corpus relief on petitioner's first claim must be denied.

B. <u>Claim 2</u>

In his second claim, Holt asserts that his attorney rendered ineffective assistance by failing to determine the exact date in 2002 that the little league football team began practice and had its first

home game. Holt contends that counsel should have contacted the head football coach to ascertain

such information, and that such information would have impeached the credibility of the victim.[3]

The Virginia Supreme Court found this claim did not satisfy either prong of Strickland because the

petitioner failed to identify what "the missing information would have been" and "failed to submit

an affidavit from the football coach of the expected information." Holt v. Dir. Dep't. Corr., R. No.

092460 (Va. Aug. 4, 2010).

 The Virginia Supreme Court's conclusion that the result of the trial was unaffected by

counsel's alleged failure to ascertain the exact dates of the little league football season was factually

reasonable and was not contrary to, nor an unreasonable application of, controlling federal

principles. Strickland, 466 U.S. at 687. Therefore, relief on Claim 2 must be denied. Williams, 529

U.S. at 412.

 C. Claim 3

 In his third claim, Holt argues that his counsel provided ineffective assistance when he failed

to re-contact potential witnesses from a list provided by petitioner. Counsel telephoned the potential

witnesses once, but did not speak to them. Petitioner claims these witnesses would have discredited

the victim's character and personality. The Virginia Supreme Court rejected this claim, holding that

the claim meets neither the "performance" nor "prejudice" prong of Strickland because the petitioner

failed to articulate what testimony the witnesses would have given to discredit the victim and the

---

[3] In the instant petition, Holt alleges that the football coach "would have testified that the first football practice would not have commenced until after August 1, 2002 and the first home football game not until after Labor Day in September, 2002." According to petitioner this evidence would establish that he was out of the state between July 7, 2002 and July 21, 2002 and that he only attended little league football games during the school year. However, the Court declines to consider these facts because petitioner failed to raise these facts in his state habeas. See Kasi v. Angelone, 300 F.3d 487, 501-02 (4th Cir. 2002); see also See Cullen v. Pinholster, 131 U.S. 1388, 1399 (2011).

petitioner failed to provide affidavits from the witnesses verifying that they would have testified as petitioner contends.[4] Holt v. Dir. Dep't. Corr., R. No. 092460 (Va. Aug. 4, 2010). Furthermore, Holt "advised the trial court that all of the witnesses petitioner wanted at his trial were present." Id. Therefore, the foregoing holding by the Virginia Supreme Court was both factually reasonable and not contrary to, nor an unreasonable application of Strickland, 466 U.S. at 687, and Claim three of this petition must be denied. Williams, 529 U.S. at 412.

D. Claim 4

In his fourth claim, Holt alleges his attorney rendered ineffective assistance because he failed to interview colleagues, supervisors, parents of students, and former students the petitioner encountered during his tenure as a teacher in Charles City County. Petitioner alleges the witness would have testified to his professionalism and ethical teaching standards. Again, the Virginia Supreme Court found this argument did not meet either prong of Strickland because the petitioner failed to name any of the potential witnesses or provide affidavits of the witnesses' expected testimony.[5] Holt, R. No. 092460. Furthermore, petitioner advised the trial court that all of the witnesses petitioner wanted at his trial were present. Id. Thus, petitioner failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged failure to interview these witnesses, the result of the trial would have been different. Id.

---

[4] In his federal petition plaintiff articulates how the witness would have testified, however, he still fails to provide an affidavit. Regardless, the Court refuses to consider these new factual allegations. See supra, footnote 1.

[5] In his federal petition, petitioner lists the names of the potential witnesses and explains how the witnesses would have testified. Petitioner does not provide affidavits. However, the Court refuses to entertain these new factual allegations. See supra, footnote 1.

Under these circumstances, the Virginia Supreme Court's holding that counsel did not perform ineffectively by failing to interview potential witnesses to was both factually reasonable and not contrary to, nor an unreasonable application of <u>Strickland</u>, 466 U.S. at 687. Therefore, claim four of this petition must be dismissed. <u>Williams</u>, 529 U.S. at 412.

E. <u>Claim 5:</u>

In his fifth claim before this Court, Holt argues that he received ineffective assistance of trial counsel because counsel failed to investigate the circumstances surrounding Investigator Crawley's telephone call to petitioner when petitioner attempted to invoke his Sixth Amendment right. When Holt made this same claim in his application for habeas relief to the Virginia Supreme Court, it was found to be without merit because the Sixth Amendment right to counsel "applies only once a prosecution begins." Petitioner was not in custody and no prosecution was in place when petitioner was phoned by Investigator Crawley, thus his Sixth Amendment right had not attached. Therefore, the Virginia Supreme Court held that petitioner claim satisfied neither the "performance" nor the "prejudice" prong because "[c]ounsel is not ineffective for failing to investigate a claim that has no merit." <u>Holt v. Dir. Dep't. Corr.</u>, R. No. 092460 (Va. Aug. 4, 2010).

The Virginia Supreme Court's conclusion that the result of the trial was unaffected by counsel's alleged failure to investigate petitioner's attempt to invoke his Sixth Amendment during a telephone call from Investigator Crawley was  factually reasonable and was not contrary to, nor an unreasonable application of,  controlling federal principles. <u>Strickland</u>, 466 U.S. at 687. Therefore, relief on Claim 2 must be denied. <u>Williams</u>, 529 U.S. at 412.

F. <u>Claims 6 and 7:</u>

Claims 6 and 7 arise from Investigator's Crawley's actions at the police station during an

interview with the petitioner. Petitioner asserts his counsel rendered ineffective assistance by failing to investigate the manner in which Investigator Crawley ignored petitioner's Fifth Amendment right to <u>Miranda</u> warnings and Sixth Amendment right to have counsel present during custodial interrogation. Plaintiff also asserts he received ineffective assistance of counsel because his attorney failed to investigate Investigator Crawley's actions at the sheriff's office after petitioner interrogated him for over three hours and accompanied him to the restroom and maintained visual contact while petitioner used the toilet. When Holt made these same claims in his application for habeas relief to the Virginia Supreme Court, the court found that the claims satisfied neither the "performance" nor the "prejudice" prong of the two-part standard enunciated in <u>Strickland</u>. The court explained:

> The record, including the trial transcript, demonstrates that Crawley interviewed petitioner at the sheriff's department, and that during the interview, a recorded telephone conversation was played and petitioner admitted he was one of the parties speaking. Even assuming petitioner's assertion that he was accompanied to the restroom is true, security rules concerning use of restrooms by interviewees does not demonstrate Fifth Amendment custody for purposes of <u>Miranda</u>. The Sixth Amendment right to counsel applies only once a prosecution begins. Counsel is not ineffective for failing to investigate claims that have no merit. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

<u>Holt v. Dir. Dep't. Corr.</u>, R. No. 092460 (Va. Aug. 4, 2010).

The trial transcript reflects that in addition to the victim's testimony regarding the incidents, petitioner testified that he recognized his voice on the tape recording of the telephone call from September 11, 2004 and he blamed a combination of beer and pain relievers for his inappropriate

comments. Trial Tr. 248-49. Furthermore, the trial judge heard the actual tape recorded conversation and testimony from the investigator about a separate inappropriate conversation between Holt and the victim on July 29, 2004. Id. at 163. Thus, under these circumstances, the quoted determination by the Virginia Supreme Court was factually reasonable and was not contrary to, nor an unreasonable application of, the controlling federal law upon which it expressly relied. Strickland, 466 U.S. at 687. Therefore, the same result must pertain here, Williams, 529 U.S. at 412, and habeas corpus relief on petitioner's sixth and seventh claims must be denied.

G. Claim 8:

In his eighth claim, Holt states his counsel rendered ineffective assistance in failing to investigate an illegal wiretap initiated at the direction of the Commonwealth's Attorney. The Virginia Supreme Court rejected this contention on its merits, holding:

> The wiretap was not illegal pursuant to Code 19.2-62(B)(2) because one of the parties to the communication consented to the wiretap. Petitioner fails to articulate what other information he contends the counsel would have discovered had counsel investigated the wiretap. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceedings would have been different.

Holt v. Dir. Dep't. Corr., R. No. 092460 (Va. Aug. 4, 2010). Because this determination by the Supreme Court of Virginia was not contrary to, nor an unreasonable application of, controlling federal law, the Court must defer to the Supreme Court of Virginia's finding, Williams, 529 U.S. at 412, and habeas corpus relief on claim eight must be denied.

H. Claim 9:

In Holt's ninth claim, he alleges he received ineffective assistance of counsel because his counsel failed to question the petitioner or his witnesses on direct examination, or the complaining witness or Commonwealth witnesses on cross-examination, regarding the first time petitioner went to the victim's home, which he argues was in September 2002, after a football game. Petitioner claims this testimony would have cast doubt on the victim's credibility and would have corroborated petitioner's alibi. The Supreme Court of Virginia rejected this claim when petitioner raised it in his state habeas, stating:

> The record, including the trial transcript, demonstrates that petitioner testified he had been to the victim's house to repair a door and cut the grass prior to September 2002. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Holt v. Dir. Dep't. Corr., R. No. 092460 (Va. Aug. 4, 2010).

The trial record reflects that petitioner testified that in Spring of 2002 he went to the victim's home to help repair a lawnmower and cut the lawn at the victim's house. Trial Tr. 260. Petitioner testified he stayed at the home "roughly twenty minutes." Id. Therefore, the Virginia Supreme Court's finding that the outcome of the trial was unaffected by counsel's alleged failure to elicit testimony regarding the first time petitioner went to the victim's home was both factually reasonable and not contrary to, nor an unreasonable application of Strickland, 466 U.S. at 687. Therefore, claim nine of this petition must be dismissed. Williams, 529 U.S. at 412.

I. Claims 10 and 11:

In his tenth and eleventh claims, petitioner contends counsel rendered ineffective assistance

16

because he failed to question petitioner or petitioner's wife on direct examination regarding the lay-

out of petitioner's home in York County. Additionally, petitioner asserts counsel was ineffective

because he failed to question petitioner or his witnesses regarding where in the York County house

petitioner, petitioner's wife and petitioner's children were located when the petitioner, his family,

and the victim returned to the York County home after visiting Water Country, U.S.A. The Virginia

Supreme Court rejected both of these claims when the petitioner raised them in his state habeas

proceeding. The Virginia Supreme Court explained:

> The record, including the trial transcript, demonstrates
> that petitioner's daughter testified about the lay-out of
> petitioner's York County home, and that she remained
> in her parents' bedroom while the victim showered in
> the connecting bathroom. Petitioner has failed to
> proffer what additional testimony other witnesses
> could have offered and has failed to provide affidavits
> of the expected testimony. Thus, petitioner has failed
> to demonstrate that counsel's performance was
> deficient or that there is a reasonable probability that,
> but for counsel's alleged errors, the result of the
> proceeding would have been different.

Holt v. Dir. Dep't. Corr., R. No. 092460 (Va. Aug. 4, 2010). As with its resolution of Holt's earlier

claims, the Virginia court's foregoing determination was not based on an unreasonable determination

of the facts, nor was its conclusion contrary to or an unreasonable application of controlling federal

law. Therefore, Holt is precluded from federal habeas relief for these claims. Williams, 529 U.S.

at 412-13.

### J. Claim 12:

In petitioner's twelfth claim he alleges he was denied effective assistance of counsel because

counsel failed to question petitioner or his daughter about a van ride to Water Country, U.S.A.

Specifically, petitioner alleges that during the van ride petitioner made an abrupt stop and the victim

began to yell at the petitioner for the way he was driving.  Petitioner then states that he made the

victim "promise" not to tell her mother about petitioner's driving.  Petitioner states that testimony

regarding this event would corroborate his argument that his reference to a "promise" in the taped

telephone conversation with the victim was referring to the abrupt stop in the van, and not sexual

activity.  The Virginia Supreme Court rejected this claim in the state habeas proceeding, concluding:

> The record, including the trial transcript, demonstrates
> the victim testified that she promised petitioner she
> would not tell anyone about their sexual encounters,
> and demonstrates that the petitioner testified about the
> incident in the van.   In the recorded telephone
> conversation, petitioner reminded the victim of her
> "promise" immediately after warning her not to talk
> out loud about their relationship.  Petitioner told the
> victim not to break her promise, even 25-30 years
> from now, and then told her about a 70-year-old nun
> who had just gone to jail for "doing something
> wrong" to young boys in 1967.  Petitioner failed to
> articulate what his daughter would have said about the
> incident in the van and the "promise," and failed to
> provide an affidavit verifying she would testify as he
> contends.  Thus, petitioner has failed to demonstrate
> that counsel's performance was deficient or that there
> is a reasonable probability that, but for counsel's
> alleged errors, the result of the proceeding would have
> been different.

Holt v. Dir. Dep't. Corr., R. No. 092460 (Va. Aug. 4, 2010).

Under these circumstances, petitioner has failed to carry his burden to demonstrate that the

state courts' rejection of claim 12 was contrary to or an unreasonable application of the controlling

Strickland principles upon which the court expressly relied, nor was it based on an unreasonable

interpretation of the facts. Thus, petitioner is not entitled to federal relief on this claim. Williams, 529 U.S. at 412-13.

K. Claim 13:

Petitioner's thirteenth claim asserts he received ineffective assistance of counsel because counsel failed to question petitioner's wife at trial and failed to call N. Marakos to testify about the victim's obsessive telephone calling to the petitioner's home from September 2002 to October 2004. As with Holt's other claims, the Virginia Supreme Court found this claim to be without merit. The trial record demonstrated that petitioner's wife and daughter did, in fact, testify as to how often the victim telephoned the petitioner's house. Holt, R. No. 092460. Additionally, petitioner failed to articulate what Marakos' testimony would have been and failed to provide an affidavit regarding anticipated testimony. Id. Furthermore, Markos' testimony would have been, at most, cumulative. Thus, the Virginia Supreme Court concluded that petitioner failed to satisfy either the "performance" or "prejudice" prong of the Strickland test.

The trial transcript reveals that the petitioner's daughter testified that the victim called and would ask to speak to Holt. Trial Tr. at 201. Petitioner's wife testified that the victim called "constantly" and would play "twiddly-winks and twinkle twinkle star" on the answering machine. Id. at 226. His wife testified to one incident in which the victim called at 11 o'clock at night after the wife "told her three times prior that evening, stop calling."

Petitioner has failed to carry his burden to demonstrate that the state courts' rejection of claim thirteen was contrary to or an unreasonable application of the controlling Strickland principles upon which the court expressly relied, nor was it based on an unreasonable interpretation of the facts. The record is devoid of any suggestion that the outcome of petitioner's trial would have been different

had counsel asked additional questions regarding the victim's calling to the petitioner's home.

Accordingly, federal habeas relief is unavailable for this claim. Williams, 529 U.S. at 412-13.

L. Claim 14:

Petitioner contends, in his fourteenth claim, he received ineffective assistance of counsel

because counsel recklessly failed to object to the inconsistent and conflicting testimony by the victim

and the victim's mother regarding the second offense and other contradictions.  When Holt made this

same claim in his application for habeas relief to the Virginia Supreme Court, the court found that

the claim satisfied neither the performance nor the prejudice prong of the two-part standard

enunciated in Strickland.  The court explained:

> The record, including the trial transcript, demonstrates that
> counsel highlighted the inconsistencies in the testimony by
> the victim and the victim's mother through cross examination,
> and then argued the differences to fact finder during closing
> argument.  Counsel was not ineffective when he properly
> highlighted the discrepancies, but the fact finder resolved the
> credibility issues against petitioner.  Thus, petitioner has
> failed to demonstrate that counsel's performance was
> deficient or that there is a reasonable probability that, but for
> counsel's alleged errors, the result of the proceeding would
> have been different.

Holt v. Dir. Dep't. Corr., R. No. 092460 (Va. Aug. 4, 2010); see also Trial Tr. 114-19, 129, 156-57,

192-95, 288-89.

Because this determination by the Supreme Court of Virginia was not contrary to, nor an

unreasonable application of, controlling federal law, the Court must defer to the Supreme Court of

Virginia's finding, Williams, 529 U.S. at 412, and habeas corpus relief on claim fourteen must be

denied.

M. Claim 15:

In Holt's fifteenth claim, petitioner asserts counsel performed ineffectively by failing to object to Investigator Crawley's testimony regarding Holt's statement made to the investigator without <u>Miranda</u> warnings or Sixth Amendment right to the presence of counsel. The Virginia Supreme Court rejected this claim when the petitioner raised it in his state habeas application, finding that the trial transcript demonstrated that the petitioner was not in custody during the interview with Investigator Crawley, therefore <u>Miranda</u> warnings were not required and counsel is not rendered ineffective by failing to object for non-meritorious reasons.

The trial transcript establishes that petitioner was not in custodial interrogation during the interview with Investigator Crawley. <u>Holt v. Dir. Dep't. Corr.</u>, R. No. 092460 (Va. Aug. 4, 2010). The interview took place in the presence of two social workers, Trial Tr. 170, 183, the petitioner's wife brought him into the office, Trial Tr. 183, and Investigator Crawley testified that the petitioner was not in custody. Trial Tr. 170. 183. Additionally, petitioner's Sixth Amendment right to counsel had not attached at the time of the interview because no prosecution had been initiated. Thus, the ruling of the Supreme Court of Virginia was not contrary to, or an unreasonable application of federal law. Nor was it based on an unreasonable determination of the facts. Thus, this court must defer to state court's judgment and deny federal habeas relief on claim fifteen. <u>Williams</u>, 529 U.S. at 412

N. <u>Claim 16:</u>

In petitioner's sixteenth claim, he argues counsel erred in failing to object to evidence obtained by the Commonwealth through use of an illegal wiretap. The Virginia Supreme Court rejected this claim in the state habeas application, explaining:

> [C]laim 16 satisfies neither the "performance" nor the
> "prejudice" prong of the two-part test enunciated in
> Strickland. The record, including the trial transcript,
> demonstrates the victim consented to Crawley
> listening in on her telephone conversation with
> petitioner and, therefore, the wiretap was not illegal.
> Consequently, counsel was not ineffective for failing
> to raise a frivolous objection.

Holt v. Dir. Dep't. Corr., R. No. 092460 (Va. Aug. 4, 2010).

Because the Virginia Supreme Court's decision was not contrary to or an unreasonable

application of federal law, this Court must defer to the Virginia Supreme Court's ruling. Therefore,

federal habeas relief on claim sixteen will be denied.

O. Claim 17:

Petitioner's seventeenth claim argues that counsel was ineffective for failing to call N.

Marakos and the petitioner's daughter, who would have supported the petitioner's alibi for the time

frame of July, 2002. The Virginia Supreme Court rejected this claim, holding that the claim meets

neither the "performance" nor "prejudice" prong of Strickland. The court stated:

> The record, including the trial transcript, demonstrates
> petitioner and petitioner's wife testified they returned
> home on July 21, 2002. The indictment for the first
> offense referenced an offense occurring in July 2002.
> In addition, petitioner has failed to provide affidavits
> from the witnesses to verify the testimony the
> witnesses would have given on this matter.

Holt v. Dir. Dep't. Corr., R. No. 092460 (Va. Aug. 4, 2010).

The foregoing holding by the Virginia Supreme Court was both factually reasonable and not

contrary to, nor an unreasonable application of Strickland, 466 U.S. at 687, and Claim seventeen of

this petition must be denied. Williams, 529 U.S. at 412.

22

P. <u>Claim 18:</u>

In petitioner's eighteenth and final claim he contends that counsel rendered ineffective assistance because counsel failed during closing arguments to emphasize critical information in the report from the victim's medical examination. As with Holt's other claims, the Virginia Supreme Court found this claim to be without merit when Holt raised it in his state habeas petition. The Virginia Supreme Court found that counsel did emphasize critical information from the victim's medical report in closing arguments, including the lack of physical evidence of rape, the fact that the doctor was unable to draw a conclusion from the medial examination, and that it was just as likely the child victim never had sexual intercourse. <u>Holt v. Dir. Dep't. Corr.</u>, R. No. 092460 (Va. Aug. 4, 2010); <u>see</u> <u>also</u> Trial Tr. 281.

Great deference is given to counsel's tactical decisions in closing arguments. <u>Yarborough v. Gentry</u>, 540 U.S. 1 (2003). Therefore, under the circumstances the Supreme Court of Virginia's decision was not contrary to or an unreasonable application of federal law. Thus, federal habeas relief for claim eighteen must be denied.

**IV.**

For the above stated reasons, respondent's Motion to Dismiss will be granted, and this petition will be dismissed. An appropriate Order shall issue.

Entered this ___7___ day of ___November___ 2011.

Alexandria, Virginia

_____
Anthony J. Trenga
United States District Judge

23